Edward S. SACKS,

v.

SAVINGS BANK OF ROCKVILLE, et al.

Civ. No. 2:92CV00331 (PCD).

United States District Court, D. Connecticut.

June 11, 1993.

**318**

Stephen H. Solomson, O'Connell, Flaherty & Attmore, Hartford, CT, for plaintiff.

Richard S. Lipman, Schatz & Schatz, Ribicoff & Kotkin, Hartford, CT, Richard P. Weinstein, Weinstein and Wisser, P.C., West Hartford, CT, for defendants.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

Plaintiff alleges violations of federal securities laws and state law. Defendant Savings Bank of Rockville moves to dismiss.

### I. *Background*

Facts alleged in the complaint are taken as true on a motion to dismiss. In early 1989, plaintiff bought an interest in Orchid Island Associates Limited Partnership from Richard Roberts Co. and Robert Haines for $250,000, of which $50,000 was paid in cash and $200,000 was to be borrowed from an institutional lender. The broker/dealer under contract from Richard Roberts arranged the financing of the $200,000, presenting plaintiff with a full loan application from the Savings Bank of Rockville ("the bank") and assuring plaintiff that because of the ongoing relationship between Richard Roberts Co., Haines and the bank, his financing would be approved. Plaintiff had no previous lending or financial relationship with the bank, and was never contacted by any officer of the bank.

Richard Roberts Co. is a wholly-owned subsidiary of Richard Roberts Group, Inc. In 1986, the bank was one of a group of banks that purchased a two million dollar equity interest in Richard Roberts Group, which was converted to debt in 1989. By 1989, Richard Roberts Group was in continuing default on their obligations to the bank, and was regularly sending potential investors in its real estate syndications to the bank for financing. When plaintiff was about to buy an interest in Orchid Island, the bank agreed with Richard Roberts Group and Haines that, in view of Richard Roberts Group's indebtedness to the bank in excess of $200,000, the proceeds from plaintiff's loan would be immediately returned to the bank to satisfy Richard Roberts Group's debt. That debt does not appear to have been related in any way to Orchid Island.

The loan was approved. At the closing, the loan proceeds were issued and made payable to plaintiff. The bank's representative took the proceeds back from the closing.

Plaintiff alleges that Richard Roberts and Haines sold him the interest in Orchid Island as part of fraudulent scheme to use the capital to pay unrelated debts. Plaintiff alleges that the bank participated in this fraud by failing to disclose to plaintiff its relationship with Richard Roberts and, specifically, the existence of the agreement regarding the proceeds of the loan. Plaintiff suffered losses as a result of the investment.

### II. *Discussion*

A motion to dismiss under Rule 12(b)(6) must be decided solely on the facts alleged. *Goldman v. Belden*, 754 F.2d 1059, 1065–66 (2d Cir.1985). Such a motion should be granted only where no set of facts consistent with the allegations could be proven entitling plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The issue is not whether plaintiff will prevail, but whether he should be afforded the opportunity to offer evidence to prove his claims. *Id.*

Defendant moves to dismiss claiming that the bank cannot be liable as an aider and abettor of Richard Roberts.[1] Defendant argues (1) that it had no independent duty to disclose; (2) that state law prohibited the bank from revealing its relationship with Richard Roberts; and (3) that it explicitly agreed with plaintiff that it was not making any representations regarding Orchid Island. Finally, defendant moves to dismiss plaintiff's state law claims if the federal claim is dismissed.

### A. *Duty to Disclose*

■  The elements of aiding and abetting a violation of federal securities laws are:

    (1) the existence of a securities law violation by the primary (as opposed to the aiding and abetting) party;

    (2) "knowledge" of this violation ·on the part of the aider and abettor; and

    (3) "substantial assistance" by the aider and abettor in the achievement of the primary violation.

*IIT, An Int'l Inv. Trust v. Cornfeld,* 619 F.2d 909, 922 (2d Cir.1980). The first two elements are undisputed on this motion.

■  The bank claims that it cannot be liable as an aider and abettor because it had no independent duty to disclose to plaintiff its relationship with Richard Roberts. While the general rule is that "inaction can create aider and abettor liability only when there is a conscious or reckless violation of an independent duty to act," *id.* at 927, aider and abettor liability may exist "in the absence of some independent duty to act only when there is clear evidence of the required degree of *scienter* and a conscious and specific motivation for not acting on the part of an entity with a direct involvement in the transaction." *Id.* (citations omitted).

Here, plaintiff alleges that the bank had an agreement with Richard Roberts by which the bank ultimately received the proceeds of plaintiff's loan, such that the bank was directly involved in the plaintiff's transaction. Plaintiff further alleges that the bank inten-

tionally assisted Richard Roberts in the fraudulent transaction as a means to recover on Richard Roberts's debt, such that it had a "conscious and specific motivation for not acting." *Id.* That plaintiff has adequately alleged scienter is not in dispute. It is alleged that the proceeds of the loan were knowingly going to benefit the bank, not to be invested in Orchid Island. Plaintiff has therefore stated a claim for aiding and abetting against the bank.

### B. *Effect of Conn.Gen.Stat. § 36–9k*

■  Defendant argues that it was prohibited by Conn.Gen.Stat. § 36–9k from disclosing to plaintiff its relationship with Richard Roberts. That statute reads:

A financial institution may not disclose to any person, except to the customer or his duly authorized agent, any financial records relating to such customer [without authorization].

Plaintiff's claim, however, alleged not solely that the bank failed to disclose its relationship with Richard Roberts, but also that the bank affirmatively aided and abetted Richard Roberts in the fraud and that the loan proceeds were going to the bank. It is not clear that disclosing its relationship with Richard Roberts would have violated § 36–9k absent a disclosure of "records." In any event, state statutes cannot relieve defendant from obligations imposed by federal law.

### C. *Effect of Disclaimer*

■  Defendant argues that it cannot be liable because it specifically stated that it was acting only as lender and disclaimed that it was making any representations regarding Orchid Island, and plaintiff agreed to this disclaimer.

Even if defendant were to prove this agreement (which is premature on a motion to dismiss), plaintiff may still state a claim. Again, plaintiff alleges more than mere nondisclosure. Moreover, plaintiff does not dispute that defendant made no representations; rather, he argues that defendant had an obligation to make disclosures and did not

---

**1.** The bank also moves to dismiss count ten, on the grounds that it cannot be a "seller" under Rule 10b–5. Plaintiff responds that the bank was only inadvertently included in count ten. Count ten is therefore dismissed against the bank.

320

do so. Further, defendant's statement that it acted only as a lender does not alter the allegation that it was involved in the transaction beyond the status of mere lender, indeed as a beneficiary, unbeknownst to plaintiff. Therefore plaintiff's claim cannot be dismissed.

### III. *Conclusion*

Defendant's motion to dismiss (document # 25) is granted in part. Count ten is dismissed as to the Savings Bank of Rockville. In all other respects it is denied.

SO ORDERED.